IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINDA L. SHELTON,           )
                            )
          Plaintiff,        )
                            )
     v.                     )     No. 09 C 2353
                            )
OFFICER RUIZ, Cook County   )
Correctional Officer ("CCSCO") )
on duty at Cermak 2W on     )
April 16, 2007, et al.,     )
                            )
          Defendants.       )

## OPINION AND ORDER

For purposes of ruling on defendants' motion to dismiss, plaintiff's pro se allegations will be liberally construed and assumed to be true to the extent that facts plausibly supporting a claim for relief are adequately alleged. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Erickson v. Pardus, 551 U.S. 89, 94 (2007); Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 18, 2009); Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009), cert. denied, 130 S. Ct. 2064 (2010).

Named as defendants in the present case are three Cook County Sheriff Correctional Officers who were working at the Cook County Jail on April 16, 2007: Officers Ruiz, Levy, and

Connelly. Also named as a defendant based on her alleged conduct on that date is Cook County Department of Health mental health specialist Borita Berry. Cook County Sheriff Officer Sgt. Nickles[1] is named as a defendant based on her alleged conduct when plaintiff was in a Cook County courtroom on April 20, 2007. Cook County is also named as a defendant. Plaintiff complains of alleged mistreatment occurring in April 2007, during which time she was in the custody of the Cook County Sheriff serving a 30-day sentence for contempt. Plaintiff alleges that, on April 15, 2007, she was forced to take psychotropic drugs that had adverse side effects. The adverse side effects included being "very disinhibited," having flashbacks, and being "highly agitated, terrified, distraught, and confused for many hours." None of the persons who allegedly forced her to take the drugs on April 15 are named as defendants except as Jane or John Does.[2] On April 16, 2007, defendant Berry ordered that plaintiff again be administered drugs, allegedly in retaliation for plaintiff having requested pen and paper. Defendants Ruiz, Levy, and Connelly allegedly participated in forcibly administering the drugs while Berry watched. When plaintiff resisted, the three

---

[1] The Complaint contains inconsistent spellings for Connelly (Connally) and Nickles (Nickels). The spellings that appear in the caption of the Complaint will be used.

[2] Plaintiff alleges Nurse Plotts was involved in the April 15th conduct, but does not name Plotts as a defendant.

officers, with Berry's urging, allegedly held plaintiff down and kicked her, causing severe injury.

When plaintiff was in state court on April 20, 2007, her existing medical condition caused her to pass out. The presiding judge directed defendant Nickles to cause plaintiff to be taken to the Jail's emergency room immediately. Instead of taking her to the emergency room, Nickles placed plaintiff in a courthouse holding cell and joked about plaintiff faking her medical problems. After a period of time, holding cell officers became concerned about plaintiff's condition and called a paramedic to look at her. The paramedic had plaintiff transferred to the jail emergency room where plaintiff was diagnosed with "severe dehydration and orthostatic hypotension, aggravating her syncope and other disorders." Plaintiff was treated with intravenous and oral fluids.

The claims of plaintiff's Complaint are as follows:
(I) excessive force against Ruiz, Levy, and Connelly;
(II) cruel and unusual punishment by Ruiz, Levy, and Connelly;
(III) depriving her of liberty without due process by forcibly administering drugs against Ruiz, Levy, and Connelly;
(IV) deliberate indifference to serious medical needs against Nickles; (V) state law intentional infliction of emotional distress as against all the individual defendants;
(VI) _respondeat superior_ liability of Cook County based on the

state law claims against the individual defendants; (VII) state law excessive force against Ruiz, Levy, and Berry; and (VIII) Monell municipal liability of the County based on plaintiff being forcibly administered the drugs.

Defendants Ruiz, Levy, Connelly, Berry, and Cook County have moved to dismiss all the counts except Count IV as untimely.[3] It is expressly alleged that the forced administration of drugs and related excessive force occurred on April 15 and 16, 2007. Plaintiff filed this action on Friday, April 17, 2009. The parties agree a two-year limitation period applies to the federal claims, Dominguez v. Hendley, 545 F.3d 585, 588 (7th Cir. 2008), and a one-year limitation period applies to the state law claims, 745 ILCS 10/1-206. Plaintiff concedes that the challenged claims[4] are untimely absent the application of equitable tolling or equitable estoppel. She contends such tolling should apply because she was incarcerated and deprived of access to court, including pen and paper, from

---

[3] The same attorney represents all defendants. However, no motion to dismiss was filed on behalf of Nickles and no argument expressly addresses Count IV. Also, Nickles has not answered the Complaint. Also, although no argument addresses Count IV or Nickles, the motion concludes by requesting that the entire Complaint be dismissed. Count IV is not being dismissed and Nickles will be required to answer the Complaint.

[4] The Count IV federal claim would not be untimely. The events underlying Count IV occurred on April 20, 2007. The Complaint was filed within two years thereafter.

April 13 to 20, 2007 and from October 10, 2007 to January 23, 2008. She also alleges she was incapacitated by medical illnesses or the administration of drugs from April 15 to 20, 2007 and July 17 to 20, 2008.[5] There is no contention that she was incapacitated on April 16, 2008 or April 16, 2009. She represents that she was aware of the April 16, 2009 deadline, but a busy schedule and a family emergency caused her to be confused as to the actual date and she mistakenly believed it was April 16, not April 17, when she filed the present case.

As to plaintiff's federal claims, the limitation period for a claim pursuant to 42 U.S.C. § 1983 is based on Illinois's limitation period for personal injury and also incorporates tolling provisions of Illinois law such as equitable tolling. Wilson v. Garcia, 471 U.S. 261, 269 (1985); Jenkins v. Village of Maywood, 506 F.3d 622, 623 (7th Cir. 2007); Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003). Thus, the same tolling principles apply to both the federal and state claims.

> The Illinois Supreme Court wrote in Clay v. Kuhl, 189 Ill. 2d 603, 614, 727 N.E.2d 217, 223 (2000), that "[e]quitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the

---

[5] Plaintiff also refers to events occurring after April 17, 2009, but such events would not be a basis for invoking equitable tolling in this case.

- 5 -

> plaintiff has mistakenly asserted his or her rights in the wrong forum." In <u>Fidelity National Title Insurance Co. of New York v. Howard Savings Bank</u>, 436 F.3d 836, 839 (7th Cir. 2006), Judge Posner noted that whether Illinois recognizes equitable tolling is still unresolved because the Illinois cases mentioning the term seem to mean equitable estoppel. However, Judge Posner guessed that Illinois would accept the "commonplace" and "sensible" tolling doctrine. <u>Fidelity</u>, 436 F.3d at 839.
>
> According to the Seventh Circuit, equitable tolling, unlike equitable estoppel, applies even when the defendant is faultless. <u>Miller v. Runyon</u>, 77 F.3d 189, 191 (7th Cir. 1996). Where the plaintiff cannot reasonably be expected to sue in time because of disability, irremediable lack of information, or other circumstances beyond his control, the statute of limitations will be tolled until he is able through the exercise of proper diligence to file his suit. <u>Miller</u>, 77 F.3d at 191. For example, equitable tolling postpones the deadline for suing if a plaintiff cannot discover his injurer's identity within the statutory period despite the exercise of reasonable diligence. <u>Fidelity</u>, 436 F.3d at 839.

<u>Griffin v. Willoughby</u>, 369 Ill. App. 3d 405, 867 N.E.2d 1007, 1016 (4th Dist. 2006). <u>See also</u> <u>Kaufmann v. Jersey Cmty. Hosp.</u>, 396 Ill. App. 3d 729, 919 N.E.2d 1077, 1088 (4th Dist. 2009), <u>appeal allowed</u>, 236 Ill. 2d 507, 930 N.E.2d 409 (2010).

Here, even assuming that, during the times alleged, plaintiff suffered a disability that could support equitable tolling, such tolling does not extend the applicable limitation period by the same period of time during which plaintiff was

disabled. It only extends the filing deadline until such time as plaintiff could file her suit with the exercise of proper diligence. Plaintiff was not disabled either in April 2008 when the state claims were due or when the federal claims were due on April 16, 2009. Plaintiff concedes she was able to complete a complaint in April 2009, but made a mistake as to the actual date she went to court. Plaintiff's disabilities did not prevent her from timely filing her federal claims by April 16, 2009 nor did they prevent her from timely filing the state claims in April 2008. One of the risks of waiting until the perceived last day to file a complaint is that the deadline will have been miscalculated or something will come up on the last day. Unfortunately for plaintiff, she missed the deadline for her federal claims by one day. Since, with due diligence, she could have timely filed both her federal and state claims, equitable tolling does not apply.

As to equitable estoppel for the federal claims, the federal standard applies. Shropsher v. Corporation Counsel of Chicago, 275 F.3d 593, 598 (7th Cir. 2001). The Seventh Circuit has held:

> A defendant who prevents a plaintiff from obtaining information that he needs in order to be able to file a complaint that will withstand dismissal is forbidden, under the rubric of equitable estoppel ("estopped" is the legal term), to plead the statute of limitations for the period in which the inquiry was thwarted.

> Beckel v. Wal-Mart Associates, Inc., 301 F.3d 621, 622 (7th Cir. 2002); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-52 (7th Cir. 1990); see also Rotella v. Wood, 528 U.S. [549,] 561 [(2000)]. But if the obstructive behavior occurs after the plaintiff's inquiry has reached the point at which he has discovered that he has a claim upon which to found a suit, the defendant's obstructionism has no causal significance, see Flight Attendants Against UAL Offset v. Commissioner, 165 F.3d 572, 576-77 (7th Cir. 1999), and so is not a ground for an estoppel. Paige v. Police Department, 264 F.3d 197, 199-200 (2d Cir. 2001) (per curiam). Likewise if the defendant's behavior, whenever begun and however ill intentioned, fails to prevent the plaintiff from learning that he has a claim in time to sue within the statutory period. See Flight Attendants Against UAL Offset v. Commissioner, supra, 165 F.3d at 577; Dummar v. Lummis, 543 F.3d 614, 621-23 (10th Cir. 2008); cf. Shropshear v. Corporation Counsel of City of Chicago, 275 F.3d 593, 597-98 (7th Cir. 2001). For again the behavior has no causal significance.

Jay E. Hayden Found. v. First Neighbor Bank, N.A., 610 F.3d 382, 385 (7th Cir. 2010).

Here, the only possible grounds for invoking equitable estoppel alleged are plaintiff being denied pen and paper while incarcerated and the lingering effects of being administered drugs. The defendants in this case, however, are not alleged to be responsible for denying the pen and paper, so this cannot be a basis for applying equitable estoppel in the present case. Defendants are alleged to be responsible for administering the drugs. The effect of the drugs only lasted until April 20, 2007.

Even if both the effects of the drugs and plaintiff's periods of being incarcerated without access to pen and paper are considered, the only reasonable inference is that these actions did not prevent plaintiff from being able to timely discover her claims or timely file her Complaint. Equitable estoppel will not be applied to deem plaintiff's federal claims to be timely.

Similarly, under Illinois law, the "doctrine of equitable estoppel will not apply to a case if defendant's conduct terminated within ample time to allow the plaintiff to still avail himself of any legal rights he may have had." Mauer v. Rubin, ___ Ill. App. 3d ___, 926 N.E.2d 947, 963 (1st Dist. 2010) (quoting Serafin v. Seith, 284 Ill. App. 3d 577, 672 N.E.2d 302, 311 (1st Dist. 1996)). See also Cramsey v. Knoblock, 191 Ill. App. 3d 756, 547 N.E.2d 1358, 1365 (4th Dist. 1989). Again, the only reasonable inference is that the few days of being affected by the drugs and three months of being deprived of pen and paper did not prevent plaintiff from timely filing her state claims by April 2008. Equitable estoppel will not be applied to save the state law claims.

Although Nickles does not expressly join in the motion to dismiss, Cook County moves to dismiss the respondeat superior claims made against it based on Nickles's conduct. The same principles apply to such claims, for which the statute of limitations expired on Monday, April 21, 2008. All the

respondeat superior claims against Cook County will be dismissed. The state law claims against Nickles will also be dismissed.

All claims and defendants are being dismissed except for the Count IV claim against Nickles individually.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [27] is granted. All claims and defendants are dismissed except the Count IV claim against defendant Nickles in her individual capacity. Within 14 days, Nickles shall answer the remaining allegations of the Complaint. A status hearing will be held on September 30, 2010 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 25, 2010