IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINDA L. SHELTON,               )
                                )
                Plaintiff,      )
                                )
        v.                      )   No. 09 C 2353
                                )
OFFICER RUIZ, et al.            )
                                )
                Defendants.     )

# OPINION AND ORDER

*Pro se* plaintiff Linda Shelton alleges that, following an April 20, 2007 hearing at the Cook County Criminal Court House, defendant Sergeant Nickles acted with deliberate indifference to plaintiff's serious medical needs. Following prior rulings, this claim against Nickles in her individual capacity is plaintiff's only remaining claim. *See **Shelton v. Ruiz**,* 2010 WL 3419710 (N.D. Ill. Aug. 25, 2010). Presently pending is Nickles's motion for summary judgment. As required by Local Rule and Seventh Circuit precedent, plaintiff has been provided the notice required by Local Rule 56.2. *See* Order dated December 7, 2011 [73]. Also

pending are various motions filed by plaintiff after briefing of the summary judgment motion was completed.

This lawsuit was filed on April 17, 2009. Plaintiff is an experienced litigator who is presently restricted regarding filing cases in this district, including needing court permission to file new cases. *See* Order dated October 4, 2011 [62]. During the pendency of the present litigation, plaintiff has suffered from serious illnesses. At times she has also been in state custody. Continuances have been granted to accommodate these circumstances. In a written status report dated April 25, 2011, plaintiff represented she could complete fact discovery by August 1, 2011. Docket Entry [54] at 3. The close of all discovery was extended to that date. Order dated April 28, 2011 [58]. On November 17, 2011, a briefing schedule was set for consideration of defendant's motion for summary judgment. Defendant was ordered to answer interrogatories within one week, and plaintiff was granted until February 8, 2012 to complete discovery and respond to the summary judgment motion. Docket Entry [66]. On December 6, 2011, Nickles filed her summary judgment motion; plaintiff answered on February 10, 2012; and, on March 7, 2012, Nickles replied. On March 21, 2012, plaintiff submitted three motions: (a) to hold Nickles and her attorney in criminal contempt; (b) for

leave to serve interrogatories on third parties; and (c) to compel defendant to answer interrogatories.

The contempt motion contends Nickles's reply contains intentional misrepresentations. Plaintiff may disagree with the inferences to be drawn from certain documents, but there is no sufficient basis for inferring intentional misrepresentations. The motion for contempt will be denied. The factual contentions contained in the contempt motion have been considered in evaluating the evidence that is properly before the court for summary judgment. As to the other two motions, no further extension of discovery will be granted. Defendant apparently responded to the interrogatories in November 2011. To the extent any interrogatory answers are deficient, plaintiff had sufficient time, prior to the close of discovery, to compel an additional response. There is also no indication in her motion that plaintiff first sought to resolve any discovery dispute with defendant. *See* N.D. Ill. Loc. R. 37.2; Fed. R. Civ. P. 37(a)(1). Additionally, plaintiff had sufficient time, prior to the close of discovery, to serve third-party interrogatories. Moreover, it is not apparent that the third-party interrogatories, nor even the interrogatories to defendant, are material to the grounds for resolving summary

judgment. Plaintiff responded to summary judgment. She has not brought any motion pursuant to Fed. R. Civ. P. 56(d). The discovery motions will be denied.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 274 n.1 (2009); *Malen v. MTD Prods., Inc.*, 628 F.3d 296, 303 (7th Cir. 2010); *Stokes v. Bd. of Educ. of City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010). The burden of establishing a lack of any genuine issue of material fact rests on the movant. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Celotex*, 477 U.S. at 324; *Freundt v. Allied Tube & Conduit Corp.*, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); *O'Brien v. Encotech Constr.*, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence

of purportedly disputed facts if those facts are not plausible in light of the entire record. See *Lorillard Tobacco Co. v. A & E Oil, Inc.*, 503 F.3d 588, 594-95 (7th Cir. 2007); *Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago*, 357 F.3d 677, 679 (7th Cir. 2004); *Lampley v. Mitcheff*, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" *Logan*, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." *Id.* (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted).

>Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" *Logan*, 96 F.3d at 978 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

In ¶ 27 of her answer brief, plaintiff cites *Liberty Lobby* and *Celotex* for the propositions that, in responding to summary judgment, she need not "provide truth of her allegations" and that she "simply must make sufficient allegations of fact." Plaintiff need not prove her contentions; she need only show there is evidence supporting a material factual dispute. However, as set forth above, she must provide evidentiary support for her factual contentions; she cannot merely rely on allegations. As to factual issues raised by defendant and on which plaintiff bears the burden of proof, she must provide evidentiary support for her contentions. To the extent defendant concedes a fact or does not raise an issue with particular allegations of plaintiff, plaintiff is not required to provide

evidentiary support for such allegations. Resolving all genuine factual disputes and drawing all reasonable inferences in favor of plaintiff, the facts assumed to be true for purposes of ruling on summary judgment are as follows.

Plaintiff is a trained physician who is not presently licensed to practice medicine and was not licensed to practice as of April 2007. On April 13, 2007, Cook County Circuit Judge Jorge Alonso sentenced Shelton to 30 days' incarceration for direct criminal contempt. It was ordered that Shelton be held at Cermak Health Services ("Cermak"), which is part of the Cook County Jail.

The Cook County Criminal Court House is located next to the County Jail. An underground bridge at the Court House connects directly to the Receiving Classification and Diagnostic Center ("RCDC") of Cermak. Paramedics and medical personnel are stationed at the RCDC. Nickles was a member of the Cook County Sheriff's Court Services Division, which is responsible for handling detainees at the Court House. Upon being taken from the Court House to the RCDC, custody of a detainee is the responsibility of Department of Correction employees of the Sheriff's Department.

On April 20, 2007, Shelton was again brought before Judge Alonso. Nickles was the Court Services officer responsible for Shelton during the hearing. At the hearing, Shelton's recently retained counsel stated:

> She needs an ambulance immediately. During her time in custody she was not given any of the medications that she needs by her neurologist.
> She says she thinks she is going to go into shock if she is sitting up like she is. She was on a steroid, and she is now in shock from not having those steroids.
> She is in Class 1 shock now and Class 2 shock shortly. She needs an ambulance. She needs an IV and steroids immediately.
> Also, she wants me to make it of record she has deep bruises, which I have seen on her thigh, from the sheriffs beating her in the Cermak Hospital.

Pl. Exh. B at 2-3.

Initially, Judge Alonso responded that an ambulance should be called and that he was intending to shorten the contempt sentence so it would end that day. Thereafter Judge Alonso stated: "If she's got an emergency, a doctor should see her while she is in custody of the Cook County Sheriff." *Id.* at 3-4. Shelton's attorney then indicated she was not responding and was having problems breathing. Judge Alonso stated: "We are calling an ambulance right now" and proceeded to reduce the sentence to time served. *Id.* at 4-7. Other than Judge

Alonso's statement, there is no evidence that an ambulance actually was called. Judge Alonso did not order that Nickles or anyone else take Shelton to an outside hospital. Nickles took plaintiff to a holding area where she was examined by paramedics. The paramedics then took plaintiff to the RCDC and she was promptly taken to the Cermak Emergency Room. Plaintiff alleges that, while in the holding cell, Nickles mockingly referred to Shelton faking her condition. For purposes of summary judgment, Nickles does not dispute this allegation. Plaintiff presents no evidence as to how long she was in the holding cell before paramedics arrived.

Cermak Hospital progress notes show that plaintiff was at the Hospital at 9:45 a.m. on the morning of April 20. There is also an 11:45 a.m. entry by an M.D., but it is unclear if the doctor saw Shelton at that time or was only noting down what a nurse was reporting about the prior weekend. No time is indicated on the transcript for the hearing before Judge Alonso. Plaintiff was back at Cermak by 1:30 p.m. and in the emergency room at 1:37 p.m. Plaintiff told the triage nurse in the emergency room that she was dizzy, had migraines, was orthostatic (low blood pressure), and had passed out twice while in court. The examining physician treated plaintiff for dehydration. She was discharged at

3:12 p.m. on April 20. Plaintiff provides no evidence that she would have been treated any quicker if she had been taken to an outside hospital by ambulance. She also presents no evidence as to how long she was held in the holding area or elsewhere before being taken to the RCDC. Additionally, plaintiff presents no evidence that this incident or any delay caused permanent injury or exacerbated any of her existing conditions. Based on past experience and her own medical training, plaintiff states in her brief (but not in a declaration or affidavit) that the incident could have provoked cardiac arrest because she suffers from neurocardiogenic syncope.[1] Plaintiff does not contend the incident actually caused cardiac arrest. There is no sufficient evidence supporting that this incident exacerbated plaintiff's existing post-traumatic stress disorder. Plaintiff asserts in her brief that she suffered anxiety and emotional distress during the incident because of fear that she could have gone into cardiac arrest. However, plaintiff presents no evidence supporting that she suffered emotional distress. There is no

---

[1] For purposes of summary judgment, defendant accepts as true that plaintiff has neurocardiogenic syncope (loss of consciousness associated with a drop in arterial blood pressure followed by a slowed heart rate).

declaration or affidavit of plaintiff and she implicitly concedes that she generally does not remember the incident.[2]

Nickles contends she is entitled to summary judgment because plaintiff has not shown that Nickles acted with deliberate indifference nor caused any harm.

> "The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. *Estelle*, 429 U.S. at 104. Accordingly, a claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *see also Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). "Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez*, 577 F.3d at 828 (quoting *Estelle*, 429 U.S. at 103).
> 
> \* \* \*
> 
> Deliberate indifference is a subjective standard. *Johnson*, 444 F.3d at 585. To demonstrate deliberate indifference, a plaintiff must show that the defendant "acted with a sufficiently culpable state of mind," something akin to

---

[2]Plaintiff notes that she relied on information from Sheriff and court personnel for the facts stated in her complaint, and has made changes based on documentary information such as medical records and the court transcript.

> recklessness. *Id.* A prison official acts with a sufficiently culpable state of mind when he knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. *Roe*, 631 F.3d at 857. Deliberate indifference "is more than negligence and approaches intentional wrongdoing." *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998). In other words, "[d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

*Arnett v. Webster*, 658 F.3d 742, 750-51 (7th Cir. 2011). Additionally, in order to recover damages, plaintiff must show that the indifference caused injury or harm. *Ortiz v. City of Chicago*, 656 F.3d 523, 530, 534 (7th Cir. 2011); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Defendant does not contend that plaintiff fails to satisfy the serious medical needs requirement. Plaintiff, however, fails to show that Nickles acted with deliberate indifference to that need. Plaintiff was taken to Cermak, which was the nearest medical facility. The medical personnel there were able to treat plaintiff and she was able to be released to go home in less than two hours. Without proof, plaintiff contends that an ambulance would have provided quicker and better treatment. But even assuming that is true, Nickles participated in having plaintiff transferred to the nearest medical facility, one that was equipped

to provide adequate treatment for plaintiff's condition. Deliberate indifference is not shown by Nickles's decision (even assuming it was hers to make) not to arrange for an ambulance to take plaintiff to an outside hospital.

Furthermore, even assuming there was any delay in taking plaintiff to a holding cell and not calling an ambulance (and further that such conduct showed deliberate indifference), there is no evidence that plaintiff received inadequate treatment due to any such delay. There is no evidence that any condition of plaintiff was exacerbated by any such delay. Plaintiff contends she suffered emotional distress due to delay and Nickles's mocking, putting her through the trauma of fearing for her life if she did not receive prompt treatment. It is unnecessary to decide whether such emotional distress is sufficient to satisfy the harm element of a deliberate indifference to medical needs claim. Plaintiff fails to provide proof that she suffered any such distress.

For the foregoing reasons, Nickles is entitled to summary judgment dismissing plaintiff's remaining claim. Judgment will be entered dismissing plaintiff's cause of action in its entirety. If plaintiff wishes to appeal today's ruling, she must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for

the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case. *See* Fed. R. App. P. 4(a)(1)(A). To the extent the Seventh Circuit has placed any restrictions on plaintiff's filing of appeals to that court, she also must comply with any such restrictions.

IT IS THEREFORE ORDERED that plaintiff's motions to adjudicate criminal contempt [84], to serve interrogatories [86], and to compel [88] are denied. Defendant's motion for summary judgment [69] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: MAY 29, 2012